IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE DONTAE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-288-RAH-SMD |
| ) | |
| RICHARD M. HOSTON and ) | |
| MICHAEL MORROW, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Lonnie Dontae Mitchell (Mitchell) brings this action challenging the constitutionality of his confinement under 42 U.S.C. § 1983. Proceeding *in forma pauperis*,[1] Mitchell alleges that Defendants Richard M. Hoston and Michael Morrow "fabricated [the] location of a firearm [on the] living room floor" to justify his arrest and later conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). *Compl.* (Doc. 5) pp. 1–2; *see also United States v. Mitchell*, 2:20-cr-00224-RAH-JTA (M.D. Ala. 2020). Based on these facts, Mitchell claims that Defendants violated his Eighth Amendment rights and seeks monetary relief. *Compl.* (Doc. 5) p. 3. Having screened Mitchell's complaint under 28 U.S.C. § 1915(e), the undersigned recommends that this case be dismissed.

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

---

[1] *See Order* (Doc. 6) p. 1 (granting Mitchell's motion to proceed *in forma pauperis*).

1305, 1306 (11th Cir. 2004). Under this statute, a court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court has broad discretion to manage its *in forma pauperis* cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

To survive § 1915 review, a complaint must meet the pleading standard set forth in Federal Rule of Civil Procedure 8. *See, e.g.*, *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 639 (11th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere labels and conclusions, and formulaic recitations of the elements of a cause of action are insufficient to meet this standard. *Twombly*, 550 U.S. at 555.

In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim for which relief may be granted, a court employs the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a complaint is subject to dismissal if it fails "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Additionally, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him of a right secured under the United States Constitution or federal

---

[2] *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010).

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

3

law, and (2) such deprivation occurred under color of state law. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The Supreme Court has held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (footnote omitted). The Court has made clear held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

Against this backdrop, Mitchell's complaint fails to state a plausible claim for which relief could be granted under 42 U.S.C. § 1983. In his criminal case, Mitchell moved to suppress the firearm allegedly planted by Defendants. *United States v. Mitchell*, 2:20-cr-00224-RAH-JTA (Doc. 27) (M.D. Ala. 2020). The Court denied the motion, and a jury later convicted Mitchell of unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). *United States v. Mitchell*, 2:20-cr-00224-RAH-JTA (Docs. 88, 128) (M.D. Ala. 2020). Mitchell's instant claim—if successful—would render his criminal conviction invalid. And Mitchell has not shown that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Mitchell's instant claim is not cognizable under 42 U.S.C. § 1983.

\*   \*   \*

Because Mitchell's complaint fails to state a claim for which relief could be granted, the undersigned RECOMMENDS that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 7, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of September, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE